[Civ. No. 4109.   Third Appellate District.—June 7, 1930.]

MINNIE C. EWING, Respondent, v. LEWELLYN J. SMITH et al., Appellants.

Frank F. Oster for Appellants.

G. C. DeGarmo and H. B. Cornell for Respondent.

PULLEN, J., *pro tem.*—The facts of this case are substantially set forth in respondent's brief, as follows:

The action arises out of the failure of defendants to repay money loaned them by plaintiff. Two causes of action are set forth in the complaint. In the first one it is alleged that plaintiff loaned to the defendants the sum of $4,000, that to evidence the indebtedness defendants executed to her their promissory note for this amount bearing interest at seven per cent per annum and that nothing has been paid thereon. In the second cause of action it is alleged that plaintiff advanced to defendants the sum of $500 which defendants failed to repay. The answer admits the execution of the note but denies that it provided for interest; and admits the payment of the $500 to defendants but alleges that it was a gift and not a loan. As a special defense it is alleged in the answer that prior to the commencement of the action the note was by agreement between the parties canceled and destroyed in partial liquidation of an indebtedness in excess of $5,000 due from plaintiff to defendants. By way of counterclaim defendants allege that at the time of the commencement of the action plaintiff was indebted to them in the sum of $5,818.96 upon a mutual, open and current account; and in their second counterclaim they allege

that this amount was due them for services rendered and money advanced to plaintiff. The court found for plaintiff according to the allegations of the first cause of action of the complaint, but as to the second cause of action, found that the $500 sought to be recovered by plaintiff was a gift and not a loan. The court also found against defendants on their special defenses and counterclaims. From the part of the judgment in favor of plaintiff, defendants have taken this appeal. No questions of law are involved in this appeal and the only question to be decided by this court is whether the findings are supported by the evidence.

■ Appellants contend that there is no evidence to support the finding that the destruction of the note was without the consent of plaintiff or the intention on her part that the indebtedness thereby represented should be canceled.

Respondent testified that she was leaving for New York on a visit, expecting to remain about four weeks, and that she gave appellants the note, saying that "in case anything should happen to her while on the trip, she wanted appellant to have the note, but upon her return she wanted it back." That direct and positive testimony was repeated several times in the testimony of respondent and is sufficient to create a conflict in the testimony and ample to support the findings complained of.

■ Appellants also complain of the finding that there was no understanding or agreement between respondent and appellants that respondent should pay appellants anything for her board and lodging. Upon this point there is also ample testimony in the record to support the finding. Respondent testified that she was supposed to be one of the family, was not a boarder, but was living with them as a member of the family. It clearly appears from answers given to certain questions asked by the trial judge that the intention of appellants to claim for board and lodging was perhaps an afterthought. The testimony is as follows: "The Court: Q. Now she had lived with you and your wife from 1919 until 1922. Had she paid you anything for her keep up to that time? A. No, sir. . . . Q. Had your wife ever discussed the question of charging her for her keep—had she ever discussed that with you? A. Well, I wouldn't say. Q. Up to the time you got that $4000? A. I don't know as we had, up to that time. Q. And you had never talked

with her about paying for her keep? A. Not up to that time. Q. At that time you gave her a promissory note for her $4000? A. Yes.''

Complaint is made that the finding of the trial court that the board and lodging furnished to the plaintiff by the defendants did not amount to and was not worth the amount claimed by appellants, or any other sum.

It would be of little profit to quote at length testimony in support of this finding, but it is sufficient to state that an examination of the testimony shows ample evidence upon which the court could base such a finding. ██ It is not the function of an appellate court to weigh the testimony. An examination of the evidence shows that the findings are supported by testimony which, if believed as true by the trial court, is sufficient to justify the findings as found.

The judgment is therefore affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.